AARON M. CLEFTON, Esq.  (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave, Suite C
#336
Alameda, CA 94501
Telephone: (510) 832-5001
info@cleftonlaw.com

Attorneys for Plaintiff
YOSEF MIRAKOV COHEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSEF MIRAKOV COHEN<br><br>　　　Plaintiff,<br><br>v.<br><br>CITY OF LAGUNA BEACH,<br><br>　　　Defendant. | CASE NO. 8:26-cv-00196<br>Civil Rights<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1. Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>**2. Violations of ADA Anti-Retaliation and Anti-Coercion Provisions Under 42 U.S.C § 12203**<br><br>**3. Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff YOSEF MIRAKOV COHEN complains of Defendant CITY OF

LAGUNA BEACH, and alleges as follows:

1.　　**INTRODUCTION:**　On or about July 27, 2025, disabled Plaintiff,

Yosef Mirakov, was denied full and equal access to use of the beaches of the City

of Laguna Beach with his service dog Millie. On the day in question, Plaintiff and

Millie were at Camel Point Beach to celebrate a friend's birthday.  However, when

Plaintiff and Mille had settled themselves on the beach, their group was approached

by a plainclothes police officer and a uniformed police officer, both of whom told

Plaintiff that he was not allowed to have his dog on the beach.  Plaintiff explained that his dog is a service dog and therefore allowed to accompany him on the beach, even if pets are not allowed. The officers insulted Plaintiff, questioned his disability and told him to leave the beach or risk having animal control come to take his dog.

2.    It was clear to Plaintiff that the officers would not allow him to stay on the beach with his service dog.  Further, he did not want to risk being separated from his service dog if the officers called animal control, so Plaintiff and his friends left Camel Point Beach to find another location to celebrate his friend's birthday.

3.    Defendant's decision to refuse Plaintiff access to Camel Point Beach with his service dog contravenes the Department of Justice's technical assistance and guidance on the subject of "Service Animals."  In relevant part, the guidance states:

- A person with a disability cannot be asked to remove his service animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken. When there is a legitimate reason to ask that a service animal be removed, staff must offer the person with the disability the opportunity to obtain goods or services without the animal's presence.

  …

- People with disabilities who use service animals cannot be isolated from other patrons, treated less favorably than other patrons, or charged fees that are not charged to other patrons without animals.

DOJ 2010 "Service Animal" guidance available at https://www.ada.gov/resources/service-animals-2010-requirements/.

4.    As a result of Defendant's illegal acts, Plaintiff suffered denial of his civil rights and suffered physical, mental and emotional damages.  Plaintiff must be allowed to have his service dog Millie accompany him at the beaches of Laguna Beach because Millie is trained to perform tasks to ameliorate Plaintiff's disability.

2

He brought this lawsuit to force Defendant to change its discriminatory and illegal policies and to compensate him for refusing to allow him the accommodation of having his service dog accompany him at Camel Point Beach.  Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified service dog in the City of Laguna Beach.

5.    **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

6.    **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

7.    **PARTIES:**  Plaintiff Yosef Mirakov Cohen is a disabled individual who uses the assistance of a service dog to perform necessary tasks related to his disabilities.  Plaintiff has been diagnosed with anxiety and post-traumatic stress disorder (PTSD) following a serious car accident during his childhood which left him trapped under the vehicle. When Plaintiff's anxiety and PTSD is triggered he experiences symptoms such as racing heart, sweating, interrupted speech, and difficulty sleeping. Plaintiff's disabilities substantially limit many of his major life activities including maintaining a consistent sleep schedule, speaking, thinking, being in crowds, and being out in public particularly when there is noise from cars.

8.    Plaintiff relies on his service dog, a mix-breed named Millie, to assist him with certain tasks to ameliorate his disability. Millie has been trained to recognize the symptoms of Plaintiff's anxiety and PTSD, and she is trained to perform the task of deep pressure therapy to ameliorate those symptoms. Millie is trained to provide deep pressure therapy on command. When Plaintiff commands "Artza" (lay down in Hebrew) or "Lemata" (underneath in Hebrew) Millie will lie across Plaintiff's chest or sit on his lap until he has calmed down and releases her.

9.      Plaintiff has trained Millie to perform this task on command and is not a behavior that Millie has engaged in naturally or without training.  Millie was individually trained by Plaintiff to be a service dog, and they have been working together for about 9.5 years. Plaintiff has trained dogs for much of his adult life, both professionally and for himself.  He is experienced in training service dogs to perform the necessary tasks to assist him. Plaintiff used his knowledge of dogs to train Millie on the tasks he needs her to perform.  Additionally, Plaintiff continues to reinforce the training with Millie daily.  Plaintiff is a qualified person with a disability as defined under federal and state law who is substantially limited in the major life activities of maintaining a consistent sleep schedule, speaking, thinking, being in crowds, and being out in public particularly when there is noise from cars. 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

10.      Defendant CITY OF LAGUNA BEACH, is and was at all times relevant to this Complaint responsible for the police department who harassed and forced Plaintiff to leave Camel Point Beach with his service dog.  Further, Defendant is a public entity subject to Title II of the ADA, and to all other federal legal requirements referred to in this complaint. Defendant is responsible for providing services at and maintaining the policies of the City of Laguna Beach and its police department.

11.      **GOVERNMENT CLAIM**: On or about October 24, 2025, Plaintiff made a timely claim to the City of Laguna Beach, a government entity.  Plaintiff has not received any response to his government claim.  Therefore, his government claim was rejected by operation of law 45 days after he submitted his government claim.

12.      **FACTUAL STATEMENT:**  Plaintiff Yosef Mirakov Cohen has been working with his service dog Millie for over nine years.  Millie is a 48-pound mixed-breed dog who was individually trained by Plaintiff to be a service dog.

Plaintiff has also trained and continues to train Millie to serve his specific needs throughout their relationship through a series of commands.  Millie has been trained to perform the task of deep pressure therapy to ameliorate those symptoms. Millie is trained to provide deep pressure therapy on command. When Plaintiff commands "Artza" (lay down in Hebrew) or "Lemata" (underneath in Hebrew) Millie will lie across Plaintiff's chest or sit on his lap until he has calmed down and releases her.

13.    Millie is a working dog; she is not a pet.  Plaintiff and Millie have trained extensively together, and they supplement that training daily.  Plaintiff takes Millie everywhere with him in public.  It is important they stay together as much as possible because (a) Millie provides important services for Plaintiff; and (b) it is part of the training and bonding requirement that they be together constantly to maintain their bond.  With few exceptions, where Plaintiff goes, Millie goes.

14.    Millie wears a vest which clearly identifies her as a service dog. Below are photos of Millie as she looked on the day of the incident.



COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1
2
3
4
5
6
7
8
9
10
11



12    15.    On or about July 27, 2025, Plaintiff went to Laguna Beach to celebrate

13    his friend Chiaki's birthday with a beach picnic. He drove to Laguna Beach with his

14    friend Zaya and his service dog Millie where they met up with their friends Chiaki

15    and Elena. Once they had arrived, the group decided to go to Camel Point Beach

16    because the beach they had originally planned on going to was very crowded.

17    16.    Plaintiff arrived at Camel Point Beach around 3 pm, and the group

18    began carrying their coolers and other belongings down a long staircase to the

19    beach. As Plaintiff reached the sand, a group of men in a truck approached him.

20    One of the men told Plaintiff that that dogs were not allowed on the beach. Plaintiff

21    explained that Mille was a service dog, and the man responded, "Okay, you're

22    good" and then drove away. The group then continued down to the beach and began

23    setting up their belongings.

24    17.    As they were setting up their picnic, a plainclothes police officer, Kirk

25    Johnson, approached the group from a wooded area near the beach. Officer Johnson

26    approached Plaintiff and told him that dogs were not allowed on the beach. Plaintiff

27    replied that Millie was a service dog and therefore was allowed to accompany him.

28    Officer Johnson countered by saying that "emotional support animals are not

6

allowed on the beach." Plaintiff again clarified that Millie is a service dog, not an emotional support animal. Officer Johnson responded, "You're not blind or handicapped, so it can't be a service dog." Plaintiff reiterated that Millie is a task trained service dog and therefore is allowed to accompany him on the beach.

18.     Officer Johnson then stated "we have our regulations and laws in Laguna Beach" about service dogs. Plaintiff asked Officer Johnson to call his supervisor to discuss the situation, and Officer Johnson said he would but never made the call. Plaintiff then showed the officer a letter from his psychiatrist confirming that Millie is a service animal, but Officer Johnson continued to insist that she was only an emotional support animal. Officer Johnson told Plaintiff that he could return to the beach after 6:00 p.m. when dogs are permitted to be at the beach.

19.     During this exchange, a uniformed female officer, Park Ranger Ramirez approached the group. She asked Mr. Mirakov Cohen what tasks Millie performs, and he explained that she provides deep pressure therapy for him. As Plaintiff and Park Ranger Ramirez spoke, Officer Johnson repeatedly interrupted, asserting that the dog was an emotional support animal and therefore not permitted on the beach. When Plaintiff again clarified that Millie is a psychiatric service dog not an emotional support animal, Officer Johnson dismissed his explanation, continuing to insist that the dog was not allowed at Camel Point Beach until after 6 pm.

20.     After some further conversation, Officer Johnson ultimately stated, "I'm being nice and just giving you a warning, but if you stay, I'll give you a citation and call animal control." The officers refused to allow Plaintiff to remain on the beach with his service dog. Officer Johnson suggested that they could go to a grassy area near another beach, but when they checked, it turned out to be only a parking lot, not a usable recreational area.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

21.    It was clear to Plaintiff that he would not be allowed to stay at Camel Point Beach with his service dog, and he did not want to risk having animal control seize his medically necessary service dog. The group ultimately packed up their belongings and carried everything back up the staircase to their vehicles. They stood around at their vehicles for a while to discuss what to do next, feeling frustrated and unwelcome. Ultimately, they decided to leave and drive approximately an hour to Hunting State Beach, where they were able to stay without incident. At Huntington State Beach, park staff confirmed that service dogs were permitted, and no one questioned or challenged Plaintiff about Millie's presence or status as a service dog. They enjoyed their time there, sharing snacks, fruit, and cake.

22.    After leaving the beach, the group went to a Korean BBQ restaurant, where Millie was again permitted without issue. Throughout the rest of the day, Plaintiff and his service dog encountered no problems at any other location, only at Camel Point Beach, where they were wrongfully denied access despite the dog's clear status as a trained service animal.

23.    The situation was and continues to be very distressing for Plaintiff. After the interactions with the police he is more fearful of going out in public with Millie. He wants and intends to return to use the beaches in Laguna Beach, but he cannot until he has the assurance that he will be allowed to have Millie with him and not be threatened with tickets and seizure of his service animal.

24.    Plaintiff has the right to use the City of Laguna's beaches with his service dog without fear of harassment, fines or threats from Defendant.  He will only feel safe doing so *after* Defendant has implemented proper service animal policies and training of their staff, particularly the police department.  Plaintiff is deterred from being free to use Defendant's beaches with his service dog until these policies and training are in place.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**FIRST CAUSE OF ACTION:**
**VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES**
**ACT OF 1990**
**(42 USC §§ 12101 *et seq.*)**

25.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 24, above, and incorporates them herein by reference as if separately repled hereafter.

26.    In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous."  42 U.S.C. § 12101(a).

27.    At all times herein mentioned, Plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by any public entity as defined by 42 USC section 12131. Pursuant to 42 USC 12132, section 12132 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the "services, programs or activities" of a public entity, or be subjected to discrimination by such entity.  Plaintiff was at all times relevant herein a qualified individual with a disability for all purposes under the ADA.

28.    In violation of Title II of the ADA, Defendant has failed to ensure that individuals with physical disabilities such as the Plaintiff herein are not excluded

from "services, programs and activities" at the subject facilities and property. By reason of Defendant's failure to remove policy barriers to access at the subject facilities so as to render them "accessible to and useable by" disabled persons who use service dogs, despite actual notice of the inaccessible conditions, and by its policy decisions as above-described, including acts and omissions by any predecessors in interest, Defendant has discriminated against Plaintiff in violation of Title II of the ADA and the regulations adopted to implement the ADA. With relation to damages claimed under Title II of the ADA, each such instance of discrimination is alleged to have been intentional and/or has been created and maintained with deliberate indifference to the effect upon Plaintiff and other similarly disabled persons. Further, Defendant continues to maintain the barriers to access to the beaches and facilities of the City of Laguna Beach despite notice from Plaintiff of those barriers through his complaints and government claim, and Defendant refused to engage in any pre-litigation discussions with Plaintiff to remedy those barriers to access.

29.    As a result of such intentional discrimination, in violation of section 12132 of the ADA, Plaintiff is entitled to the remedies, procedures and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 USC 794a), as provided by section 12133 of the ADA.

30.    On information and belief, to the date of filing of this Complaint, Defendant has failed to make the facilities and property as described herein accessible to and usable by physically disabled persons who use service animals, as required by law, and have failed to adopt policies to assure that disabled persons are provided full and equal access, including policies and regulations protecting the use of service dogs.

31.    Plaintiff requests that an injunction be ordered requiring that Defendant make all such facilities and properties herein described accessible to and usable by disabled persons and their service dogs.

32.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

33.    The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."  42 U.S.C. § 12182(b)(2)(A)(ii).

34.    Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go."  ADA 2010 Revised Requirements, www.ada.gov/service -animals-2010.htm  Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

35.    Defendant has a policy and practice of denying and restricting access to citizens with service animals. The Defendant's decision to exclude, harass, and ticket disabled service dog users contravenes the Department of Justice's technical assistance and guidance on the subject of "Service Animals."  In relevant part, the guidance states:

- A person with a disability cannot be asked to remove his service animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken. When there is a legitimate reason to ask that a service animal be removed, staff must offer the person with the disability the opportunity to obtain goods or services without the animal's presence.

…

- People with disabilities who use service animals cannot be isolated from other patrons, treated less favorably than other patrons, or charged fees that are not charged to other patrons without animals.

DOJ 2010 "Service Animal" guidance available at

https://www.ada.gov/resources/service-animals-2010-requirements/.

36.    On information and belief, as of the date of Plaintiff's most recent with the City of Laguna Beach Police Department on or about July 27, 2025, Defendant continues to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

37.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

38.    **DAMAGES:**  Damages are available under Title II of the ADA upon a showing of intentional discrimination.  *See* 42 U.S.C. § 12133; 29 U.S.C. § 794a(a)(2); *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998); *Alexander v. Sandoval*, 531 U.S. 1049, 1517 (2001).  In order to prove intentional

12

discrimination, Plaintiff must show that Defendant acted with "deliberate indifference" in violating his rights under Title II of the ADA. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

> Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood. *City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1988) . . . When the plaintiff has alerted the public entity to his need for accommodation (**or where the need for accommodation is obvious, or required by statute or regulation**), the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test.

*Id.* 260 F.3d at 1139.

39.    Defendant had a statutory duty to ensure that its programs are readily accessible to persons with disabilities who use service dogs such as Plaintiff. 29 C.F.R. § 35.130(b)(7); *Fry v. Napoleon Community Schools*, 137 S.Ct. 743, 749-750 (2016) (citing *Sullivan v. Vallejo City Unified School Dist.*, 731 F. Supp. 947, 961-962). Defendant refused to allow Plaintiff to use the services of the City of Laguna Beash, including the beaches, with his qualified service dog despite Plaintiff's clear explanation that Millie is a service dog who performs certain tasks and his repeated requests that he be allowed to have his service dog accompany him at Camel Point Beach. The need for accommodation in this matter is both "clearly obvious" and "required by statute or regulation," and therefore meets and likely exceeds the standard for an award of damages under the deliberate indifference standard. *Duvall*, 260 F.3d at 1139. Further, Defendant was on *actual* notice of the need for accommodation because Plaintiff explicitly informed Defendant's employees that he needed an accommodation to allow him to use have his service at Camel Point Beach in the City of Laguna Beach due to his disability. Defendant received this information and among the possible alternatives available, they then deliberately denied Plaintiff access to the beach with his service dog.

40.    Defendant's establishment of its discriminatory policy to deny and restrict entry to persons with service dogs, and its implementation of such a

13

discriminatory policy against Plaintiff, indicate intentional discrimination toward Plaintiff and deliberate indifference for his rights and safety. Plaintiff suffered damages as above described as a result of Defendant's violations. Damages are ongoing based on his deterrence from returning to the beaches in the City of Laguna Beach with his service dog.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

## SECOND CAUSE OF ACTION:
## VIOLATIONS OF ADA ANTI-RETALIATION AND ANTI-COERCION PROVISIONS UNDER 42 U.S.C § 12203

41.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 40, above, and incorporates them herein by reference as if separately repled hereafter.

42.    Retaliation and coercion are prohibited by the ADA:

(a) Retaliation

No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

(b) Interference, coercion, or intimidation

It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

43.    Defendant retaliated against Plaintiff for asserting his ADA right to be on the beach with his service animal, attempting to coerce him by threatening to call animal control if he did not leave. This is a clear violation of the ADA's anti-retaliation and anti-coercion mandates. "The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b) of this section, with respect to subchapter I, subchapter II and subchapter III of this chapter, respectively." 42 U.S.C § 12203(c).

14

**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC**
**FACILITIES  IN A PUBLIC ACCOMMODATION**
**(Civil Code §§ 54 *et seq.*)**

44.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 43, above, and incorporates them herein by reference as if separately repled hereafter.

45.     Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places."  Civil Code § 54(a).

46.     Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with disabilities to "accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices,  and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement, or resort, and other places to which the general public is invited."  Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

47.     Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

48.     Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the

public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2." This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

49.     The City of Laguna Beach beaches are a public accommodation within the meaning of the CDPA.  On information and belief, Defendant is the owners, operators, lessors or lessees of the public accommodation.

50.     Defendant made the decision to knowingly and willfully exclude Plaintiff and his service dog from its public accommodation and thereby deny Plaintiff his right to use its public accommodation with his service dog.  As a result of that decision Plaintiff has faced the continuing discrimination of being barred from using this public accommodation based upon Defendant's illegal prohibition of his legally protected use of his service dog.  Plaintiff has continued to suffer denial of access to these facilities, and faces the prospect of unpleasant and discriminatory treatment should he attempt to return to these facilities.  Plaintiff is unable to use the beaches in the City of Laguna Beach with his service dog until he receives the protection of this Court's injunctive relief, and he has continued to suffer discrimination on a daily basis since July 27, 2025, all to his statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3.

51.     **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled, including disabled individuals who require the assistance of service animals, from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the

1    sole basis that he is a person with disabilities who requires the assistance of a

2    service animal.

3         52.    Plaintiff wishes to return to use the City of Laguna Beach's beaches

4    with his service dog but is deterred from returning to use these facilities, because

5    the lack of access and the significant policy barriers will foreseeably cause him

6    further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as

7    such acts and omissions of Defendant continue, to achieve equal access to and use

8    of these public facilities.

9         53.    The acts of Defendant have proximately caused and will continue to

10   cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks

11   injunctive relief as to Defendant's inaccessible policies. As to those of the

12   Defendant that currently own, operate, and/or lease (from or to) the subject

13   premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and

14   eliminate the discriminatory practices that deny full and equal access for disabled

15   persons, and seeks an award of reasonable statutory attorney fees, litigation

16   expenses and costs.

17        54.    Wherefore Plaintiff asks this Court to preliminarily and permanently

18   enjoin any continuing refusal by Defendant to grant full and equal access to

19   Plaintiff in the ways complained of and to require Defendant to comply forthwith

20   with the applicable statutory requirements relating to access for disabled persons.

21   Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and

22   55, and other laws.  Plaintiff further requests that the Court award damages

23   pursuant to Civil Code section 54.3 and other law and attorney fees, litigation

24   expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil

25   Procedure section 1021.5 and other law, all as hereinafter prayed for.

26        55.    **DAMAGES:**  As a result of the denial of full and equal access to the

27   described facilities and due to the acts and omissions of Defendant in owning,

28   operating, leasing, and/or maintaining the subject facilities, Plaintiff has suffered a

violation of his civil rights, including but not limited to rights under Civil Code
sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment,
and physical, mental and emotional personal injuries, all to his damages per Civil
Code section 54.3, including general and statutory damages, as hereinafter stated.
Defendant's actions and omissions to act constitute discrimination against Plaintiff
on the basis that he was and is disabled and unable, because of the policy barriers
created and/or maintained by the Defendant in violation of the subject laws, to use
the public facilities on a full and equal basis as other persons.  The violations have
deterred Plaintiff from returning to attempt to use the beaches in the City of Laguna
Beach with his service dog and will continue to cause him damages each day these
barriers to access and policy barriers continue to be present.

56.     At all times herein mentioned, Defendant knew, or in the exercise of
reasonable diligence should have known, that its practices at the subject facilities
violated disabled access requirements and standards, and would have a
discriminatory effect upon Plaintiff and upon other disabled persons who work with
service dogs, but Defendant has failed to rectify the violations, and presently
continues a course of conduct of maintaining policy barriers that discriminate
against Plaintiff and similarly situated disabled persons.

57.     Further, although it is not necessary for Plaintiff to prove wrongful
intent in order to show a violation of California Civil Code sections 54 and 54.1 or
of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168, 177 (1990)),
Defendant's behavior was intentional. Defendant was aware and/or were made
aware of its duties to refrain from establishing discriminatory policies against
disabled persons, prior to the filing of this complaint.  Defendant's establishment of
its discriminatory policy to deny and restrict use to persons with service dogs, and
its implementation of such a discriminatory policy against Plaintiff, indicate actual
and implied malice toward Plaintiff and conscious disregard for his rights and
safety.

58.    **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

59.    Plaintiff suffered damages as above described as a result of Defendant's violations.  Damages are ongoing based on his deterrence from returning to use Defendant's beaches.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

## PRAYER

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Yosef Mirakov Cohen prays for judgment and the following specific relief against Defendant:

1.    An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

19

a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

b. To modify their policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that his service dog will not be excluded or ticketed when he returns to the use the beaches and facilities of the City of Laguna Beach;

c. That Defendant shall modify their policies and practices to ensure Plaintiff will not be retaliated against or coerced as a result of use of the Laguna Beach with his service dog;

d. That the Court issue preliminary and permanent injunction directing Defendant as the public entity responsible for the policies and practices related to providing full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;

e. An order retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court, and there is a reasonable assurance that Defendant will continue to comply in the future absent continuing jurisdiction;

2. An award to Plaintiff of all appropriate damages, including but not limited to statutory damages, general damages in amounts within the jurisdiction of the Court, all according to proof;

3. An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a,

20

California Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses; and

4.    Grant such other and further relief as this Court may deem just and proper.

Date: January 27, 2026                    CLEFTON DISABILITY LAW

_____ /s/ Aaron M. Clefton_____
By AARON M. CLEFTON, Esq.
Attorneys for Plaintiff
YOSEF MIRAKOV COHEN

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: January 27, 2026                    CLEFTON DISABILITY LAW

_____ /s/ Aaron M. Clefton_____
By AARON M. CLEFTON, Esq.
Attorneys for Plaintiff
YOSEF MIRAKOV COHEN

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES